IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HILDA N. HUNTER,<br>Petitioner,<br><br>v.<br><br>Louis D. Crocetti, Jr., District Director<br>Immigration and Naturalization Service<br><br>and<br><br>Janet Reno, Attorney General of the United States,<br>Defendants. | Civil No. JFM 00-2189 |

## MEMORANDUM

Petitioner Hilda N. Hunter filed with this Court a Petition For Writ Of Mandamus Or, In The Alternative, Complaint For Declaratory Judgment And Injunction ("petition for mandamus"). The petition for mandamus sought an order compelling the INS to process her Form I-551. Petitioner also brought a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The petition for mandamus is dismissed as moot. The motion for attorney's fees is granted.

I.

In December 1999, the INS initiated deportation proceedings against Ms. Hunter. In February 2000, the INS ordered Ms. Hunter deported in absentia. By May 2000, the INS realized that deportation proceedings should never have been brought against Ms. Hunter, and decided to not oppose Ms. Hunter's motion to vacate the deportation order. On June 20th, 2000

1

an Immigration Judge granted Ms. Hunter's motion to vacate the deportation order. Ms. Hunter was granted lawful permanent resident status.

Pursuant to the June 20th hearing, Ms. Hunter was told to report to an office within the INS for processing of an I-551 form. An I-551 form is used to obtain a green card, which is proof of Ms. Hunter's lawful permanent resident status. The INS officers in charge of processing Ms. Hunter's I-551 form refused to do so. An INS officer allegedly stated that Mr. Porter, head of the Baltimore INS district office had to review the file first. The INS officer also allegedly referred to Mr. Porter as the "judge and jury" of Ms. Hunter's case. Mr. Porter had some involvement in pushing for the initial deportation proceedings against Ms. Hunter.

Ms. Hunter repeatedly requested that the INS process her I-551 form. On July 17, Ms. Hunter filed a Petition for mandamus with this Court seeking an order compelling the INS to process her form. On August 2nd, 2000 Ms. Ragheb, INS Assistant District Counsel, called Ms. Hunter. Ms. Ragheb acknowledged receipt of the petition for mandamus. Ms. Ragheb stated that Ms. Hunter never should have had to file the petition for mandamus. She assisted Ms. Hunter in processing her I-551 form. Ms. Hunter's I-551 form has been processed, and she has a green card as proof of her lawful permanent resident status.

II.

Under the EAJA, the United States is liable for attorney's fees and costs in a civil suit to a prevailing party unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Ms. Hunter's motion under the EAJA requests $ 6,387.02 for attorney's fees and costs in connection with this petition for mandamus.

2

A party has prevailed if (1) the party has received a significant portion of the relief requested and (2) the lawsuit was a catalytic, necessary or substantial factor in obtaining the result. See Tucson Medical Center v. Sullivan, 947 F.2d 971, 982 (D.C. Cir. 1991). The parties do not dispute that Ms. Hunter's I-551 form was processed and this petition for mandamus was a substantial factor in the INS's decision to process her form. Ms. Hunter is a prevailing party.

The United States argues that the EAJA does not apply to this petition for mandamus, that the motion is premature, and that the United States's position was substantially justified.

A.

The United States argues that the EAJA does not apply to Ms. Hunter's case under Ardestani v. Immigration and Naturalization Service. 502 U.S. 129 (1991). Ardestani holds that the EAJA does not apply to deportation proceedings because they are not adversarial adjudications. 502 U.S. at 139 (the EAJA expressly requires an adversarial adjudication. The United States is correct in arguing that the EAJA does not apply to Ms. Hunter's deportation proceeding.

However, Ms. Hunter is not seeking attorney's fees with respect to her deportation proceeding. She is seeking attorney's fees for the present case, the petition for mandamus. Ms. Hunter filed the petition for mandamus in July 2000, after she had won her deportation proceeding. The petition for mandamus seeks an order compelling the INS to process a form. This case is wholly distinct from her deportation proceedings. Unlike a deportation proceeding, the present case, a mandamus petition in federal district court, is an adversarial adjudication and is covered by the EAJA.

3

B.

The United States argues that Ms. Hunter's motion for attorney's fees is premature because a final judgment has not been entered. The United States relies on the discussion of the EAJA's 30 day filing deadline in <u>Shalala v. Schaefer</u>. 509 U.S. 292, 302 (EAJA applications can be filed until 30 days after a judgment becomes nonappealable.) However, <u>Shalala</u> analyzes the EAJA's filing deadline and does not discuss a starting point for filing. <u>Id.</u>; <u>Gonzalez v. United States</u>, 44 Fed. Cl. 764, 767-68 (Fed. Cl. 1999). Several Courts have held that a motion for attorney's fees can be granted before final judgment is entered. <u>See, e.g.</u>, <u>Gonzalez</u>, 44 Fed. Cl. at 767-78 (listing cases and discussing supporting legislative history).

In any event, at Ms. Hunter's request, this Court is dismissing Ms. Hunter's petition for mandamus as moot. In both <u>Maduka</u> and <u>Shu Chen</u>, aliens brought actions in Federal District Court seeking injunctions against the INS. 114 F.3d at 1241; 842 F. Supp. at 598. Once the suits were filed, the INS took the requested action. In both cases, the district court dismissed the action as moot except with respect to the plaintiff's motion for attorney's fees. As in this case, the dismissals constituted final judgments, and the plaintiffs' motions for attorney's fees were not premature. 114 F.3d at 1241; 842 F. Supp. at 598.

The United States further argues that the motion for attorney's fees is premature because no records exists on which this Court can determine whether the United States position was substantially justified. However, the position in question is whether the INS was right in withholding Ms. Hunter's green card. <u>See</u> 28 U.S.C. § 2412(d)(2)(D) ("[P]osition of the United States means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."); <u>Shu Chen</u>, 842 F. Supp. at

4

599. The United States has the burden of production (and persuasion) with respect to whether that position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Crawford v. Sullivan, 935 F.2d 655, 658 (1991). The United States has had ample opportunity to meet those burdens, but has failed to do so. It has not provided any justification for why the INS refused to process Ms. Hunter's I-551 form. As a result, the failure of the INS to process Ms. Hunter's form was not justified.

Ms. Hunter's counsel provided a detailed record of the time spent on this case. The record is supported by affidavit and unchallenged by the United States. After reviewing the record, this Court finds the hours expended, rate requested, and expenses incurred to be reasonable. See George v. Sullivan, 751 F. Supp. 539, 540-41 (D.Md. 1990). Accordingly, Ms. Hunter's motion for attorney's fees is granted and fees in the amount of $ 6,387.02 are awarded. An Order to that effect is attached.

9-27-2000

J. Frederick Motz
United States District Judge

5